## RIGGINS & ANDERSON v. H. C. FORD.

COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Distress warrant.*—The condition of a distress warrant, as prescribed by our statute, is "to pay the defendant such damages as he may sustain in case such warrant has been sued out illegally or unjustly."

*Held,* That the terms "illegally" and "unjustly" are not convertible, and the omission of the one or the other is fatal to the sufficiency of a distress warrant.

*Same.*—Statutory bonds must contain, fully and clearly, all the conditions prescribed by the statute.

Appeal from the County Court of Hill County.—Opinion by Watts, J.—Ford sued appellants in justice court November 14, 1881, for $200 claimed to be rent of a storehouse, only a portion of which was due; at the same time he sued out a distress warrant on the ground that appellants were about to remove their property from the rented premises, which writ was levied upon certain property of the appellants. Upon the trial in justice court, Ford recovered a judgment for the sum of $200, and a foreclosure of the lien upon the property.

At this trial a motion was made to quash the bond given to obtain the distress warrant, on the ground that the same was defective in

this, that the statute requires the conditions of the bond to be, "to pay the defendant such damages as he may sustain in case such warrant has been illegally and unjustly sued out," whereas, the conditions of the bond in this case omitted the words, " and unjustly."

This motion was overruled, and judgment rendered as above stated. Appellants appealed to the county court, where the motion to quash the bond was again renewed and overruled, and trial had and judgment rendered as in justice court. That judgment is now before us on appeal, and the sole question before us as to the sufficiency of the bond given to secure the distress warrant.

That statutory bonds must contain fully and clearly all the conditions prescribed by the statute, is the accepted rule of law in this court.

Now, if the terms "illegally" and "unjustly" are convertible terms, that is in a legal sense, if they are synonomous, then the bond would be held good. On the other hand, if the word "illegally" does not include all that is meant by the term "unjustly," then the bond would be fatally defective.

Mr. Bouvier defines "illegally" to mean "contrary to law;" and "unjustly" as "that which is done against the perfect rights of another; that which is against the established law; that which is opposed to a law which is the test of right and wrong."

Under our statute, where an amount due is for rent, the creditor has the legal right to sue out a distress warrant. But suppose that the debtor had an abundance of property, out of which the judgment could be made, and the creditor should resort to the remedy by distress, not for the honest purpose of securing his debt, but with the intent and for the purpose of vexing and harrassing his debtor. In such case all the forms of law are complied with, the facts existed that authorized the issuance of the writ, and it cannot be said that the writ was illegally issued. But the intent of the creditor being to vex and harrass his debtor, and not to secure his debt, the writ would issue "unjustly." And doubtless, this was the sense in which the Legislature used the term in the statute under consideration. It will not be presumed that the Legislature would use surplus words meaning the same thing, if a different meaning can be reasonably assigned to the words used in an enactment.

We conclude that the motion ought to have been sustained, and

that the judgment ought to be reversed, and such judgment be rendered by the Court of Appeals as ought to have been rendered in the court below.